PER CURIAM:
Claimant, Dwight David Hall, seeks an award of $448.23 from respondent, Division of Highways, for property damage sustained while driving his vehicle on April 2,1995, in Wood County.
The evidence presented at the hearing on October 11, 1994, established that the claimant was driving her vehicle, a 1992 Isuzu Stylus, at approximately 25 miles per hour on Eight Avenue at 7:40 p.m., when his vehicle struck a hole in the surface of the road. The hole was located on the right side of the claimant’s lane and estimated to be eight to ten inches deep. No signs were present warning of a defect in the road and the claimant did not see the hole prior to the accident. The claimant contacted the respondent and informed personnel of the hole on the first working day after the accident. As a result of the accident, the claimant alleges damage to his car’s alignment, wheel, and tire. Although the Court was not provided with receipts for repairs to the car, an estimate totaling $448.23 was introduced into evidence to corroborate the alleged damages. However, the *148 actual repairs were made by someone other than the person who prepared the estimate. The claimant stated that the estimate was close to the actual cost of repairs. At the time of trial the claimant had repaired his vehicle except for the bent wheel. He attempted to fix the bent wheel instead of replacing it, but it still vibrated when the car was driven. The claimant has full coverage insurance with a $250.00 deductible. At the time of the hearing, the claimant had received payment from his insurance carrier for his damages in excess of his deductible.
Tim Swearing, a crew leader for the respondent in Wood County, testified his responsibilities include road maintenance in the area of the accident. According to his work logs, Mr. Swearingen was able to determine that he patched the hole struck by the claimant’s vehicle on March 17,1994. Instead of using the normal cold mix patch material he used a mixture of tar and number eight gravel. It was Mr. Swearingen’s opinion that the tar and gravel patch remains in holes longer than the normal cold mix patch. Although complaints about Eighth Avenue were received prior to March 18,1994, Mr. Swearingen was aware of any complaints made after March 18,1994, and prior to the accident.
Although the State does not and cannot insure the safety of motorists on its roads, it does have a duty to exercise reasonable care and diligence in the maintenance of roads under all the circumstances. The evidence in this case reveals respondent knew of the hole and had repaired it with a temporary material. The hybrid patching material was different from that which is normally used by the respondent. The Court is of the opinion that respondent failed to exercise reasonable diligence in monitoring and maintaining the road.
In view of the foregoing, the Court makes an award in the amount of $250.00.
Award of $250.00.